IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

STEPHEN MICHAEL MCGOWENS,

    *Plaintiff*,

    v.

BANK OF AMERICA,

    *Defendant*.

Civil Action No. ELH-14-1101

## MEMORANDUM OPINION

Stephen Michael McGowens, the self-represented plaintiff, filed suit against Bank of America, defendant. ECF 1 ("Complaint").[1] Plaintiff submitted several documents with the Complaint, including his "Sworn Denial" dated April 4, 2014, ECF 1 at 4-18 ("McGowens Affidavit"), and eight exhibits. *See* ECF 1-1 through ECF 1-8. By Order docketed April 24, 2014 (ECF 3), I directed plaintiff to supplement the facts of his Complaint. Plaintiff filed his supplement on May 7, 2014. *See* ECF 4 ("Supplement").[2]

Although the Complaint is not a model of clarity, it appears to allege violations of the Real Estate Settlement Procedures Act, 12 U.S.C. §§ 2601 *et seq.* ("RESPA"); the Truth in

---

[1] Defendant asserts that there is no legal entity by that name. *See* ECF 8-1 at 1 n.1. Defendant indicates that the correct corporate name is Bank of America, N.A. ("BOA"). *Id.*

[2] Plaintiff filed a prior action against defendant on April 6, 2012. *See McGowens v. Bank of America*, No. ELH 12-cv-1070 (D. Md. Apr. 6, 2012). By Order dated August 7, 2012 (ECF 9), the action was dismissed due to plaintiff's failure to prosecute. Plaintiff also filed an action against Colonial Savings, F.A. on April 7, 2014. *See McGowens v. Colonial Savings, F.A. et al.*, No. ELH 14-cv-1100 (D. Md. April 8, 2014). That case is pending.

Lending Act, 15 U.S.C. §§ 1601 *et seq.* ("TILA"); the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq.* ("FDCPA"); and Maryland common law.[3]

Pursuant to Fed. R. Civ. P. 12(b)(6), BOA filed a "Motion to Dismiss Plaintiff's Complaint" (ECF 8), supported by a memorandum of law (ECF 8-1, "Def. Memo.") (I shall refer to ECF 8 and ECF 8-1 collectively as the "Motion" or "Motion to Dismiss"). Defendant also submitted two exhibits. These are the "Deed of Trust" dated November 15, 2007, for the property located at 5528 Bucknell Road in Baltimore, Maryland (ECF 8-2, "Deed of Trust"); and the "Assignment of Deed of Trust" dated December 23, 2011 (ECF 8-3, "Assignment") (conveying to Bank of America, N.A. all beneficial interest in the property located at 5528 Bucknell Road set forth in the Deed of Trust). In response, plaintiff filed a "Brief in Response to Bank of America Motion to Dismiss or Summary Judgment" (ECF 10, "Opposition"), supported by four exhibits (ECF 1-1 through ECF 1-4).

The Motion has been fully briefed, and no hearing is necessary to resolve it. *See* Local Rule 105.6. For the reasons that follow, I will grant defendant's Motion.

## I. FACTUAL BACKGROUND[4]

The source of this dispute appears to arise from five mortgage loans identified by plaintiff as loan numbers #163119057, #020178164, #163118969, #163114225, and #163114217. ECF 1

---

[3] The Court possesses subject matter jurisdiction pursuant to 28 U.S.C. § 1331, the federal question jurisdiction statute. *See* ECF 1 at 1. Under 28 U.S.C. § 1331, federal district courts have "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. As to plaintiff's claims under Maryland law, 28 U.S.C. § 1367(a) grants district courts "supplemental jurisdiction over all other claims that are so related to claims in the action within [the court's] original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." Thus, the Court has authority to exercise supplemental jurisdiction with respect to plaintiff's state law claims. In addition, jurisdiction appears proper based on diversity. *See* 28 U.S.C. § 1332.

[4] Unless otherwise indicated, the factual background is drawn from the Complaint.

at 4, McGowens Affidavit.[5]   Plaintiff denies these are his debts, or, if so, that they are valid

debts.  *Id.*

   In connection with at least one of the aforementioned loans, and perhaps more than one,

it appears that BOA initiated foreclosure proceedings.   ECF 1 at 2, Complaint; ECF 4 at 2,

Supplement ("This case is being file [sic] because Bank of America Notice to Foreclose [sic] on

my property.").   The address of the property that is allegedly the subject of foreclosure

proceedings (or the properties, if more than one) is not clear from the Complaint.[6]   The

Complaint also does not indicate that status of any ongoing foreclosure proceedings.

   According to BOA, the "true facts, which are a matter of public record," ECF 8-1 at 3,

show that Stephen and Janet McGowens executed a promissory note and Deed of Trust in favor

of the original lender, GN Mortgage, LLC, on November 15, 2007.   *See* ECF 8-2, Deed of

Trust.[7]   The Deed of Trust named Mortgage Electronic Registration Systems, Inc. ("MERS") as

grantee and nominee for the lender and its assigns.   *Id.*   On December 23, 2011, MERS assigned

---

[5] Although the McGowens Affidavit contains numbered paragraphs, I will refer to the page number and not the paragraph number, because the paragraph numbering provided by Mr. McGowens is inconsistent.

[6] Plaintiff refers to different property addresses.  For example, an undated letter addressed to "Bank of America Home Loans (Servicer)," attached to the Complaint, references a property located at 3524 Erdman Avenue in Baltimore, Maryland, and Loan No. 163114225.  ECF 1-5 at 1.  A second letter addressed to "Bank of America Home Loans (Servicer)", attached to the Complaint and dated March, with no year, references 5528 Bucknell Road in Baltimore, Maryland, and Loan No. 163119057.  ECF 1-6 at 1.  A third undated letter attached to the Complaint, addressed to Colonial National Mortgage, references 2523 Garrett Avenue in Baltimore, and Loan No. 830979.  ECF 1-8 at 1.  It is unclear which of these properties are the subject of plaintiff's allegations in this suit.  Moreover, because Colonial National Mortgage is not a party to this action, the relevance of that letter is not apparent.

[7] As indicated, the Deed of Trust is attached as an exhibit to defendant's Motion.  ECF 8-2.  Plaintiff has not contested the authenticity of the document.  In any event, the Deed of Trust is a public record, and thus I can take judicial notice of it.  *See Philips v. Pitt Cnty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009)

the Deed of Trust to BOA.  *See* ECF 8-3, Assignment.  The loan, in the sum of $124,000, ECF 8-2 at 3, was used by plaintiff to purchase real property located at 5528 Bucknell Road in Baltimore, Maryland ("Bucknell Property").  *Id.* at 5.

As noted, the Deed of Trust designated GN Mortgage, LLC as the original lender, *id.* at 2 and named MERS as the beneficiary and nominee for the lender. *Id.* at 3.  On December 23, 2011, the servicing rights on the loan were re-assigned to BOA.  ECF 8-3 at 2, Assignment.  According to plaintiff, BOA engaged in various forms of "misconduct" in its capacity as loan servicer.  ECF 1 at 2, Complaint.

First, plaintiff appears to contend that defendant committed fraud.  In this regard, plaintiff alleges that defendant failed to disclose that it "provided the cash value to fund the financial institution's alleged loan check to [him]."  ECF 1 at 11, McGowens Affidavit.  Further, he states: "I was deceived and defrauded when I received my mortgage loan regarding my ability to make my payments."  ECF 1 at 2, Complaint.

Plaintiff also alleges that BOA "breached any original purported mortgage loan agreement/contract through misrepresentation, lack of disclosure, and lack of consideration by failure to perform on the value of the purported mortgage loan agreement/contract."  ECF 1 at 11, McGowens Affidavit.

Most of plaintiff's remaining allegations pertain to BOA's management of the foreclosure process.  Plaintiff asserts, ECF 1 at 2, Complaint:

> There were significant errors and misconduct in their [sic] foreclosure process.
> Examples includes [sic] failure to send or to receive proper notices of foreclosure,
> inaccurate information in the foreclosure documents, improperly executed or
> defective foreclosure documents, improper court filings, mishandling of the
> foreclosure process by the services of their attorneys robosigning, not forwarding
> the proper note information that was requested at all.  Not providing me who I
> should realing [sic] be sending my payments too [sic]. I been [sic] receiving
> inaccurate payment information which caused and contributed to me not being

able to pay.  I have applied for a loan modification but was turn down [sic] by my mortgage service company due to their errors.  Payments have been misapplied producing accounting errors by the servicing mortgage company.

In addition, plaintiff alleges that BOA does not possess the "original, unmarked, unaltered Promissory Note."  ECF 1 at 11, McGowens Affidavit.  In plaintiff's view, without the actual promissory note, BOA cannot collect on the loan.  *Id.*  Plaintiff also appears to allege that BOA failed to respond to a qualified written request he sent to BOA, asking for information about the location of the promissory note, in violation of RESPA.  ECF 4 at 2, Supplement.  In support of this allegation, and as indicated, *supra*, plaintiff attached to his Complaint two letters: (1) an undated letter addressed to "Bank of America Home Loans (Servicer)," which references a property located at 3524 Erdman Avenue in Baltimore ("Erdman Property") and Loan No. 163114225, ECF 1-5 at 1 ("First Written Request"); (2) a letter to "Bank of America Home Loans (Servicer)" dated March, with no year, which references the Bucknell Property and Loan No. 163119057,  ECF 1-6 at 1 ("Second Written Request").  BOA seems to assume that the Bucknell Property is the only property that is the subject of this dispute.  *See* ECF 8-1 at 3, Def. Memo.

Both letters begin by stating: "This is a 'qualified written request' under Section 6 of the Real Estate Settlement Procedures Act (RESPA). . . ."  Then, plaintiff proceeds to identify "[e]rrors of concerns" committed by BOA as his loan servicer.  ECF 1-5 at 1-2, First Written Request; ECF 1-6 at 1-2, Second Written Request.

In addition, plaintiff poses, *inter alia*, these questions, EF 1-5 at 3, First Written Request; ECF 1-6 at 3, Second Request (emphasis in original):

- *Is the lender/holder in possession of the original promissory note that is not an electronic reproduced copy?*
- Have the promissory note and security instrument for the loan been separated at any time?

- Please confirm how the promissory note and security instrument have been held together for the life of the loan?

Plaintiff also alleges that loan payments "have not been applied to the correct 'Holder In Due Course.'" EF 1-5 at 2, First Written Request; ECF 1-6 at 2, Second Request.  It is not clear from the Complaint whether BOA responded to plaintiff's First Written Request or the Second Written Request.

Based on the aforementioned allegations, it appears that plaintiff is lodging the following claims against the defendant:  Breach of Contract, False Representation, Fraud, and violations of the FDCPA, TLA, and RESPA.  Plaintiff seeks damages in the amount of $930,000, an injunction staying the foreclosure, and "a mortgage rate at the true value of the property."  ECF 1 at 3, Complaint.

As noted, by Order docketed April 24, 2014 (ECF 3), I directed plaintiff to supplement the facts of his Complaint and provide the following information, ECF 3 at 1:

> 1) the address of the foreclosed property in question; 2) the date of foreclosure; 3) whether the property is or was the subject of proceedings in other state or federal courts; 4) details of the "significant errors and misconduct" in the foreclosure process (Complaint at 2; ECF No. 1) and the dates these alleged error[s] occurred; and 5) whether Plaintiff has raised his concerns with Defendant prior to filing this action.

Plaintiff filed the Supplement to the Complaint, ECF 4, along with four exhibits: the Court's Order docketed on April 24, 2014 (ECF 4-2); McGowens Affidavit (ECF 4-3); an incomplete "Affidavit" for BOA to fill in and sign (ECF 4-4); and a "Memorandum of Law" (ECF 4-5). Three of the Supplement's four exhibits (ECF 4-3 through ECF 4-5) were also submitted with the initial Complaint.  But, he did not address the deficiencies identified in the

Order.[8]  In large part, plaintiff re-submitted much of the information already included with his Complaint.  ECF 1; ECF 4.

Additional facts are included in the Discussion.

## II.    *Standards of Review*

### A.   **Rule 12(b)(6)**

As noted, BOA has moved to dismiss under Fed. R. Civ. P. 12(b)(6).  A motion to dismiss under Fed. R. Civ. P. 12(b)(6) tests the adequacy of a complaint.  *See McBurney v. Cuccinelli*, 616 F.3d 393, 408 (4th Cir. 2010).

Whether a complaint adequately states a claim for relief is judged by reference to the pleading requirements of Fed. R. Civ. P. 8(a)(2).  Rule 8(a)(2) provides that a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." The purpose of the rule is to provide the defendant with "fair notice" of the claim and the "grounds" for entitlement to relief.  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 & n.3 (2007).  That showing must consist of more than "a formulaic recitation of the elements of a cause of action" or "naked assertion[s] devoid of further factual enhancement."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations omitted); *see Painter's Mill Grille, LLC v. Brown*, 716 F.3d 342, 350 (4th Cir. 2013).

To defeat a motion under Rule 12(b)(6), a complaint "must plead facts sufficient to show that [the] claim has substantive plausibility."  *Johnson v. City of Shelby, Mis*s., ____ U.S. ____,

---

[8] Like the Complaint, the Supplement references the same five loans, #163119057, #020178164, #163118969, #163114225, and #163114217.  ECF 4 at 2, Supplement.  Although plaintiff denies that these five loans are his obligations, *id.*, it is unclear from the Complaint and Supplement what actions, if any, BOA took with respect to loans #020178164, #163118969, and #163114225.  As indicated, loan #163119057, associated with the Bucknell Property, and loan #163114225, associated with the Erdman Property, are the subject of Mr. McGowens' First Written Request and Second Written Request to Bank of America Home Loans.  ECF 1-5; ECF 1-6.

135 S. Ct. 346, 347 (2014); *see Iqbal*, 556 U.S. at 684 ("Our decision in *Twombly* expounded the pleading standard for 'all civil actions' . . . .") (citation omitted); *Twombly*, 550 U.S. at 570; *see also Epps v. JP Morgan Chase Bank, N.A.*, 675 F.3d 315, 320 (4th Cir. 2012); *Simmons v. United Mortg. & Loan Inv., LLC*, 634 F.3d 754, 768 (4th Cir. 2011).   If the "well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," the complaint has not shown that "'the pleader is entitled to relief.'"  *Iqbal*, 556 U.S. at 679 (citation omitted).

In reviewing a Rule 12(b)(6) motion, a court "'must accept as true all of the factual allegations contained in the complaint,'" and must "'draw all reasonable inferences [from those facts] in favor of the plaintiff.'" *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011) (citations omitted); *Kendall v. Balcerzak*, 650 F.3d 515, 522 (4th Cir. 2011), *cert. denied*, ____ U.S. ____, 132 S. Ct. 402 (2011).   The complaint must contain sufficient factual detail to "nudge[ ] [the plaintiff's] claims across the line from conceivable to plausible." *Twombly,* 550 U.S. at 570; *accord Iqbal*, 556 U.S. at 680.

Dismissal "is inappropriate unless, accepting as true the well-pled facts in the complaint and viewing them in the light most favorable to the plaintiff, the plaintiff is unable to 'state a claim to relief . . . .'" *Brockington v. Boykins*, 637 F.3d 503, 505-06 (4th Cir. 2011) (citation omitted).  But, the court need not accept unsupported or conclusory factual allegations devoid of any reference to actual events.  *See Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009). Nor must it accept legal conclusions couched as factual allegations, *Iqbal*, 556 U.S. at 678, or legal conclusions drawn from the facts.  *See Papasan v. Allain*, 478 U.S. 265, 286 (1986); *Monroe v. City of Charlottesville*, 579 F.3d 380, 385-86 (4th Cir. 2009), *cert. denied*, 559 U.S. 992 (2010).

Courts generally do not "resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses" through a Rule 12(b)(6) motion. *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999).   However, "in the relatively rare circumstances where facts sufficient to rule on an affirmative defense are alleged in the complaint, the defense may be reached by a motion to dismiss filed under Rule 12(b)(6)." *Goodman v. Praxair, Inc.*, 494 F.3d 458, 464 (4th Cir. 2007) (en banc); *accord Pressley v. Tupperware Long Term Disability Plan*, 553 F.3d 334, 336 (4th Cir. 2009).   Because Rule 12(b)(6) "is intended [only] to test the legal adequacy of the complaint," *Richmond, Fredericksburg & Potomac R.R. Co. v. Forst*, 4 F.3d 244, 250 (4th Cir. 1993), "[t]his principle only applies … if all facts necessary to the affirmative defense 'clearly appear[ ] *on the face of the complaint.'*" *Goodman*, 494 F.3d at 464 (quoting *Richmond*, 4 F.3d at 250) (emphasis added in *Goodman*).

As noted, plaintiff appended eight exhibits to his Complaint, ECF 1-1 through ECF 1-8, in addition to submitting several documents with his Complaint, not specifically designated as exhibits.   *See* ECF 1 at 4-25.   He also attached four exhibits to his Supplement.   *See* ECF 4-2 through ECF 4-5.    In evaluating the sufficiency of a complaint in connection with a Rule 12(b)(6) motion, a court ordinarily "may not consider any documents that are outside of the complaint, or not expressly incorporated therein . . . ." *Clatterbuck v. City of Charlottesville*, 708 F.3d 549, 557 (4th Cir. 2013); *see Bosiger v. U.S. Airways*, 510 F.3d 442, 450 (4th Cir. 2007). However, a court may properly consider documents incorporated into the complaint or attached to the motion to dismiss, "'so long as they are integral to the complaint and authentic.'" *U.S. ex rel. Oberg v. Pennsylvania Higher Educ. Assistance Agency*, 745 F.3d 131, 136 (4th Cir. 2014) (quoting *Philips v. Pitt Cty Memorial Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009)); *see Anand v. Ocwen Loan Servicing, LLC*, 754 F.3d 195, 198 (4th Cir. 2014); *Am. Chiropractic Ass'n v.*

*Trigon Healthcare, Inc.*, 367 F.3d 212, 234 (4th Cir. 2004), *cert. denied*, 543 U.S. 979 (2004); *Phillips v. LCI Int'l Inc.*, 190 F.3d 609, 618 (4th Cir. 1999)).  To be "integral," a document must be one "that by its 'very existence, *and not the mere information it contains*, gives rise to the legal rights asserted.'"  *Chesapeake Bay Found., Inc. v. Severstal Sparrows Point, LLC*, 794 F. Supp. 2d 602, 611 (D. Md. 2011) (citation omitted) (emphasis in original).

Defendant attached two documents to its Motion.  These are the Deed of Trust and the Assignment.  ECF 8-2; ECF 8-3.  Plaintiff does not contest their authenticity.  Moreover, these documents are matters of public record.  Therefore, I may consider them by way of judicial notice without converting the Motion to one for summary judgment.  *See Philips v. Pitt Cnty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) ("In reviewing a Rule 12(b)(6) dismissal, we may properly take judicial notice of matters of public record.").

Because plaintiff is a self-represented litigant, his pleadings are "'liberally construed'" and "'held to less stringent standards than formal pleadings drafted by lawyers.'"  *Erickson v. Pardus,* 551 U.S. 89, 94 (2007) (citation omitted).  "However, liberal construction does not absolve Plaintiff from pleading a plausible claim."  *Bey v. Shapiro Brown & Alt, LLP,* No. PWG–13–1562, 997 F. Supp. 2d 310, 314 (D. Md.) *aff'd*, 584 F. App'x 135 (4th Cir. 2014); *see also Coulibaly v. J.P. Morgan Chase Bank, N.A.,* No. DKC 10–3517, 2011 WL 3476994, at *6 (D. Md. Aug. 8, 2011) ("[E]ven when pro se litigants are involved, the court cannot ignore a clear failure to allege facts that support a viable claim."), *aff'd*, 526 F. App'x 255 (4th Cir. 2013).

Moreover, "[a] district court is not required to act as an advocate for a pro se litigant." *Gordon v. Leeke*, 574 F.2d 1147, 1152 (4th Cir. 1978), *cert. denied*, 439 U.S. 970 (1978).  Nor is it obligated to "anticipate all arguments" or "conjure up questions never squarely presented," or to fashion claims for a pro se plaintiff.  *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th

Cir. 1985), *cert. denied*, 475 U.S. 1088 (1986); *see also M.D. v. Sch. Bd. of City of Richmond*, 560 F. App'x 199, 203 n.4 (4th Cir. 2014) (rejecting self-represented plaintiff's argument that district court erred in failing to consider an Equal Protection claim, because plaintiff failed to allege it in the complaint); *Williams v. Ozmint*, 716 F.3d 801, 811 (4th Cir. 2013) (stating that self-represented plaintiff's "'catch-all'" request for "'any other relief that seems just and proper'" was insufficient to preserve a claim to declaratory relief), *cert. denied*, ___ U.S. ___, 134 S. Ct. 1294 (2014); *Telford v. Vandusen*, 972 F.2d 342, *1 (4th Cir. 1992) (unpublished) (district court did not err in ignoring self-represented plaintiff's "property damage" claim, because plaintiff made only an "oblique reference to the property damage in the body of the complaint, [and] it [was] nowhere mentioned in the demand for judgment.").

As the Fourth Circuit has said: "To do so would not only strain judicial resources by requiring those courts to explore exhaustively all potential claims of a pro se plaintiff, but would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett*, 775 F.2d at 1278 (citing *Leeke*, 574 F.2d at 1152–53). What the Fourth Circuit stated in *Harris v. Angliker*, 955 F.2d 41, 1992 WL 21375, at *1 (4th Cir. 1992) (per curiam) (unpublished), is also apt:

> It is neither unfair nor unreasonable to require a pleader to put his complaint in an intelligible, coherent, and manageable form, and his failure to do so may warrant dismissal. *Corcoran v. Yorty,* 347 F.2d 222, 223 (9th Cir.), *cert. denied,* 382 U.S. 966 (1965); *Holsey v. Collins,* 90 F.R.D. 122, 128 (D.Md.1981). District courts are not required to be mind readers, or to conjure questions not squarely presented to them. *Beaudett v. City of Hampton,* 775 F.2d 1274, 1278 (4th Cir.1985), *cert. denied,* 475 U.S. 1088 (1986).

### B.  Fraud

Plaintiff lodges claims for fraud.  Mr. McGowens' allegations of fraud implicate the

heightened pleading standard under Fed. R. Civ. P. 9(b), which states: "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." *See*, *e.g.*, *Spaulding v. Wells Fargo Bank, N.A.*, 714 F.3d 769, 781 (4th Cir. 2013) (stating that a Maryland Consumer Protection Act claim that "sounds in fraud, is subject to the heightened pleading standards of Federal Rule of Civil Procedure 9(b)"); *E-Shops Corp. v. U.S. Bank N.A.*, 678 F.3d 659, 665 (8th Cir. 2012) ("Rule 9(b)'s heightened pleading requirement also applies to statutory fraud claims.").

Under Rule 9(b), a plaintiff alleging claims that sound in fraud "must, at a minimum, describe the time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby." *United States ex rel. Owens v. First Kuwaiti Gen'l Trading & Contracting Co.*, 612 F.3d 724, 731 (4th Cir. 2010) (quotation omitted).  In other words, "Rule 9(b) requires plaintiffs to plead the who, what, when, where, and how: the first paragraph of any newspaper story." *Crest Construction II, Inc. v. Doe*, 660 F.3d 346, 353 (8th Cir. 2011) (quotation omitted).

Rule 9(b) serves several salutary purposes.  In *Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 784 (4th Cir. 1999), the Fourth Circuit identified four purposes (quoting *United States ex rel. Stinson, Lyons, Gerlin & Bustamante, P.A. v. Blue Cross Blue Shield of Georgia, Inc.,* 755 F.Supp. 1055, 1056–57 (S.D. Ga. 1990):

> First, the rule ensures that the defendant has sufficient information to formulate a defense by putting it on notice of the conduct complained of . . . .  Second, Rule 9(b) exists to protect defendants from frivolous suits.  A third reason for the rule is to eliminate fraud actions in which all the facts are learned after discovery. Finally, Rule 9(b) protects defendants from harm to their goodwill and reputation.

However, the plain text of Rule 9(b) permits general averment of aspects of fraud that

relate to a defendant's state of mind.  And, a "court should hesitate to dismiss a complaint under Rule 9(b) if the court is satisfied (1) that the defendant has been made aware of the particular circumstances for which she will have to prepare a defense at trial, and (2) that plaintiff has substantial prediscovery evidence of those facts." *Harrison*, 176 F.3d at 784.  Moreover, Rule 9(b) is "less strictly applied with respect to claims of fraud by concealment" or omission of material facts, as opposed to affirmative misrepresentations, because "an omission 'cannot be described in terms of the time, place, and contents of the misrepresentation or the identity of the person making the misrepresentation.'" *Shaw v. Brown & Williamson Tobacco Corp.*, 973 F. Supp. 539, 552 (D. Md. 1997) (quoting *Flynn v. Everything Yogurt*, No. HAR-92-3421, 1993 WL 454355, at *9 (D. Md. Sept. 14, 1993)); *accord Piotrowski v. Wells Fargo Bank, N .A.*, No. DKC 11–3758, 2013 WL 247549, at *5 (D. Md. Jan. 22, 2013).

### C.  Choice of Law

Neither party has addressed the matter of choice of law.  The law of the forum state, Maryland, guides the court's choice-of-law analysis. *See Fid. & Guar. Life Ins. Co. v. United Advisory Grp., Inc.,* No. WDQ13–0040, 2014 WL 346630, at *4 (D. Md. Jan. 29, 2014) ("When sitting in diversity, a federal court follows the choice-of-law rules of the forum state."); *Baker v. Antwerpen Motorcars Ltd.*, 807 F.Supp.2d 386, 389 n. 13 (D. Md. 2011) ("In a federal question [claim] that incorporates a state law issue, . . . a district court applies the choice-of-law rules of the state in which it sits unless a compelling federal interest directs otherwise.").

In a contract claim, Maryland courts follow the rule of *lex loci contractus*, applying the substantive law of the state where the contract was formed, unless there is a choice-of-law provision in the contract. *Am. Motorists Ins. Co. v. ARTRA Group, Inc.*, 338 Md. 560, 573, 659 A.2d 1295, 1301 (1995).  In this case, the Deed of Trust for the Bucknell Property provides:

"This Security Instrument shall be governed by federal law and the law of the jurisdiction in which the Property is located."  ECF 8-2 at 13, Deed of Trust.  Accordingly, because the Property is located in Maryland, I will apply Maryland law in addressing plaintiff's contract claims in connection with the Bucknell Property.

With respect to tort claims, Maryland applies the principle of *lex loci delicti*, *i.e.,* the law of the "place of the alleged harm."  *Proctor v. Washington Metropolitan Area Transit Auth.*, 412 Md. 691, 726, 990 A.2d 1048, 1068 (2010). The alleged harm appears to have occurred in Maryland. Accordingly, I will look to Maryland law with respect to the analysis of plaintiff's claims sounding in tort.

In sum, federal law that controls plaintiff's RESPA, TILA, and FDCPA claims.  And, I will resolve the parties' contract and/or tort disputes under Maryland law.

### III.   *Discussion*

As a matter of law, plaintiff's claims of Breach of Contract, False Representation, Fraud, and violations of the FDCPA, TLA, and RESPA contain several defects that warrant dismissal pursuant to Rule 12(b)(6).  I will discuss each in turn.

### 1.  Breach of Contract

Plaintiff appears to lodge a claim for breach of contract.  ECF 1 at 11, McGowens Affidavit; ECF 4 at 2, Supplement.  He alleges that BOA "breached any original purported mortgage loan agreement/contract through misrepresentation, lack of disclosure, and lack of consideration by failure to perform on the value of the purported mortgage loan agreement/contract."  ECF 1 at 11, McGowens Affidavit.  Seeking dismissal, defendant argues: "Such a claim must fail as a matter of law because Plaintiff has not even identified the contract, how it was breached, or damages resulting from the breach."  ECF 8-1 at 7, Def. Memo.

To state a breach of contract claim, a plaintiff must show that the parties reached a valid and binding agreement; that the defendant breached the terms of the agreement; and that the plaintiff suffered damages as a result of the breach. *See Taylor v. NationsBank, N.A.*, 365 Md. 166, 175, 776 A. 2d 645, 651 (2001). In other words, "[i]t is the parties' agreement that ultimately determines whether there has been a breach." *Mathis v. Hargrove*, 166 Md. App. 286, 318-19, 888 A.2d 277, 396 (2008). To survive a motion to dismiss a breach of contract claim, a complaint must "allege with certainty and definiteness facts showing a contractual obligation owed by the defendant to the plaintiff and a breach of that obligation by the defendant." *Robinson v. GEO Licensing Co., L.L.C.*, 173 F. Supp. 2d 419, 423 (D. Md. 2001) (citations omitted).

I agree with defendant that plaintiff has failed to plead adequately a claim for breach of contract. In particular, plaintiff has failed to identify any terms in the promissory note, Deed of Trust, or any other contract that defendant purportedly breached. *See Parillon v. Fremont Inv. & Loan,* No. L–09–3352, 2010 WL 1328425, at *4 (D. Md. Mar. 25, 2010) (dismissing plaintiff's breach of contract claim where plaintiff did "not identify a term set forth in the Loan, the Deed of Trust, or any other contract, that a named defendant breached").

In sum, plaintiff's conclusory allegations with respect to a breach of contract are insufficient to state a claim. Therefore, the claim will be dismissed, without prejudice.

## 2. Fraud

Plaintiff lodges claims for fraud and false representation. ECF 4 at 2, Supplement. In particular, he states that "he was deceived and defrauded" by defendant in connection with his ability to make loan payments. ECF 1 at 2, Complaint. Beyond this general allegation, plaintiff does not offer any further details about the identity of the person or persons who deceived him or

how he was defrauded.  Nor does plaintiff specify the time, the place, or the contents of any alleged misrepresentation, or how he relied on the alleged fraudulent conduct.

Under Maryland common law, "[f]raud encompasses, among other things, theories of fraudulent misrepresentation, fraudulent concealment, and fraudulent inducement." *Sass v. Andrew*, 152 Md. App. 406, 432, 832 A.2d 247, 261 (2003) (quotation omitted). In an action for fraudulent misrepresentation, the plaintiff ordinarily must show, *Nails v. S & R, Inc.*, 334 Md. 398, 415, 639 A.2d 660, 668 (1994) (citations omitted):

> (1) that the defendant made a false representation to the plaintiff, (2) that its falsity was either known to the defendant or that the representation was made with reckless indifference as to its truth, (3) that the misrepresentation was made for the purpose of defrauding the plaintiff, (4) that the plaintiff relied on the misrepresentation and had the right to rely on it, and (5) that the plaintiff suffered compensable injury resulting from the misrepresentation.

*Accord Thomas v. Nadel*, 427 Md. 441, 451 n. 18, 48 A.3d 276, 282 n. 18 (2012).

To be actionable, a false representation "must be of a material fact." *Gross v. Sussex, Inc.*, 332 Md. 247, 258, 630 A.2d 1156, 1161 (1993). "A 'material' fact is one on which a reasonable person would rely in making a decision," *Sass*, 152 Md. App. at 430, 832 A.2d at 260, or a fact that "the maker of the misrepresentation knows . . . [the] recipient is likely to regard . . . as important. . . ." *Gross*, 332 Md. at 258, 630 A.2d at 1161 (quotation omitted). Moreover, the fraudulent "misrepresentation must be made with the deliberate intent to deceive." *Sass,* 152 Md. App. at 430, 832 A.2d at 260 (citing *VF Corp. v. Wrexham Aviation Corp.*, 350 Md. 693, 704, 715 A.2d 188 (1998); *Ellerin v. Fairfax Savings, F.S.B.*, 337 Md. 216, 230, 652 A.2d 1117 (1995)). So, the defendant must "know[ ] that his representation is false" or be "recklessly indifferent in the sense that he knows that he lacks knowledge as to its truth or falsity." *Ellerin*, 337 Md. at 232, 652 A.2d 1125.

Ordinarily, under Maryland law, a mere failure to disclose a material fact does not constitute fraud, in the absence of a legal duty to disclose that inheres in certain types of transactions. "Maryland recognizes no general duty upon a party to a transaction to disclose facts to the other party." *Maryland Envtl. Trust v. Gaynor*, 370 Md. 89, 97, 803 A.2d 512, 516 (2002) (citing *Fegeas v. Sherrill,* 218 Md. 472, 476, 147 A.2d 223, 225 (1958)). However, "[e]ven in the absence of a duty of disclosure, one who suppresses or conceals facts which materially qualify representations made to another may be guilty of fraud." *Finch v. Hughes Aircraft Co.,* 57 Md. App. 190, 239, 469 A.2d 867, 891, *cert. denied,* 300 Md. 88, 475 A.2d 1200 (1984), *cert. denied,* 469 U.S. 1215 (1985).

Fraud based on active suppression of material facts is the variety of fraud referred to as "fraudulent concealment." The Maryland Court of Appeals has said: "Fraudulent Concealment is any statement or other conduct which prevents another from acquiring knowledge of a fact, such as diverting the attention of a prospective buyer from a defect which otherwise, he would have observed." *Lloyd v. Gen'l Motors Corp.*, 397 Md. 108, 138, 916 A .2d 257, 274 (2007) (quotation omitted). In other words, it describes a "situation where the defendant actively undertakes conduct or utters statements designed to, or that would, divert attention away from" a material fact. *Id.* at 138 n.11, 916 A.2d at 274 n.11.

"To create a cause of action, concealment must have been intentional and effective-the hiding of a material fact with the attained object of creating or continuing a false impression as to that fact. The affirmative suppression of the truth must have been with intent to deceive." *Fegeas v. Sherrill*, 218 Md. 472, 476–77, 147 A.2d 223, 225–26 (1958) (citations omitted); *accord Rhee v. Highland Dev. Corp.*, 182 Md. App. 516, 524, 958 A.2d 385, 390 (2008). As the

*Rhee* Court explained, 182 Md. App. at 536, 958 A.2d at 396 (internal citation omitted)

(alterations in *Rhee*):

> [T]he concealment or suppression [of a material fact] is in effect a representation that what is disclosed is the whole truth. The gist of the action [for fraud] is fraudulently producing a false impression upon the mind of the other party; and if this result is accomplished, it is unimportant whether the means of accomplishing it are words or acts of the defendant....

A claim of failure to disclose "requires only that the defendant remain silent about, or

omit, facts that the defendant had a duty to disclose." *Lloyd*, 397 Md. at 138 n. 11, 916 A.2d at

274 n. 11. Where the fraudulent concealment claim is based on a duty to disclose, Maryland

courts have formulated the elements of the cause of actions as follows, *Blondell v. Littlepage*,

413 Md. 96, 119, 991 A.2d 80, 94 (2010) (quoting *Lloyd*, 397 Md. at 138, 916 A.2d at 274)

(emphasis omitted):

> "(1) [T]he defendant owed a duty to the plaintiff to disclose a material fact; (2) the defendant failed to disclose that fact; (3) the defendant intended to defraud or deceive the plaintiff; (4) the plaintiff took action in justifiable reliance on the concealment; and (5) the plaintiff suffered damages as a result of the defendant's concealment."

.

As indicated, allegations of fraud implicate the heightened pleading standard under Fed.

R. Civ. P. 9(b). To establish a claim for fraud, plaintiff must allege "'the time, place, and

contents of the false representations, as well as the identity of the person making the

misrepresentation and what he obtained thereby.'" *Owens*, 612 F.3d at 731 (citation omitted).

Plaintiff has not offered factual allegations to support the elements of a fraud claim.  As

noted, the Deed of Trust was assigned to BOA in December 2011.  Prior to that time, BOA had

no involvement with plaintiff.  Although plaintiff baldly asserts he was "defrauded" regarding

his "ability to make [his] payments," and he references "improperly executed or defective

foreclosure documents," ECF 1 at 2, Complaint, he does not allege any facts to show with whom

he spoke, the content of any communications, or when these communications occurred.  Nor does he indicate how he justifiably relied on any alleged misrepresentations.  Moreover, he does not allege facts to show he suffered a compensable injury proximately caused by defendant's purported misrepresentations.

As a result, plaintiff's fraud claims must fail.  The claims of fraud, subject to a heightened pleading standard, will be dismissed with prejudice.

### 3.  FDCPA

In the Complaint, plaintiff states that he is giving "constructive notice" pursuant to the FDCPA that he is declining to pay the debt he owes to BOA and requests "validation and supporting legal evidence" of the debt. ECF 1 at 6, McGowens Affidavit.

Congress enacted the FDCPA in 1977, *see* Pub.L. 95–109, 91 Stat. 874 (1977), to protect consumers from debt collectors who engage in "abusive, deceptive, and unfair debt collection practices," and "to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged . . . ." 15 U.S.C. § 1692(e); *see United States v. Nat'l Fin. Servs. Inc.*, 98 F.3d 131, 135 (4th Cir. 1996).  Because the FDCPA is a remedial statute, it is construed liberally in favor of the debtor. *See Johnson v. Riddle*, 305 F.3d 1107, 1117 (10th Cir. 2002).

Under 15 U.S.C. § 1692e, a debt collector may not "use any false, deceptive, or misleading representation or means in connection with the collection of any debt." *See Elyazidi v. SunTrust Bank*, _____ F.3d _____, 2015 WL924101 at *4 (4th Cir. Mar. 5, 2015).  To state successfully a claim under the FDCPA, the complaint must allege: "(1) the plaintiff has been the object of collection activity arising from consumer debt; (2) the defendant is a debt collector as defined by the FDCPA; and (3) the defendant has engaged in an act or omission prohibited by

the FDCPA." *Boosahda v. Providence Dane LLC*, 462 F. App'x 331, 333 n.3 (4th Cir. 2012) (quoting *Ruggia v. Wash. Mut.*, 719 F.Supp.2d 642, 647 (E.D.Va. 2010); *see Stewart v. Bierman*, 859 F. Supp. 2d 754, 759 (D. Md. 2012).

Defendant contends it is not subject to the FDCPA in this case because it is not a "debt collector" under that statute with respect to Mr. McGowens' mortgage.   ECF 8-1 at 9, Def. Memo.   Thus, it contends that plaintiff's FDCPA claim is subject to dismissal, with prejudice. *Id.*

Under the FDCPA, "debt collectors" are generally defined, in relevant part, as entities that "collect[ ] or attempt[ ] to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another." 15 U.S.C. § 1692(a)(6).   However, the definition of "debt collector" contains an exemption for an entity, such as a mortgage servicer, that collects debts that were "not in default at the time [they were] obtained" by the entity. *Id.* § 1692(a)(6)(F)(iii).   Thus, it "is well-settled . . . that . . . *mortgage servicing companies* are not debt collectors and are statutorily exempt from liability under the FDCPA," to the extent that they take action to collect debts that were not in default at the time they acquired the debts.   *Scott v. Wells Fargo Home Mortgage, Inc.*, 326 F. Supp. 2d 709, 718 (E.D. Va.) (emphasis in original), *aff'd*, 67 F. App'x 238 (4th Cir. 2003); *see Clarke v. Dunn*, DKC-13-2330, 2014 WL 4388344, at *4 (D. Md. Sept. 4, 2014); *Flores v. Deutsche Bank Nat'l Trust Co.,* DKC–10–217, 2010 WL 2719849, at *6 (D. Md. July 7, 2010); *Sparrow v. SLM Corp.,* RWT–08–12, 2009 WL 77462, at *2 (D. Md. Jan. 7, 2009); *see also De Dios v. Int'l Realty & Investments,* 641 F.3d 1071, 1075 n. 3 (9th Cir. 2011) (citing legislative history of the FDCPA indicating that the exception in § 1692(a)(6)(F)(iii) was intended to provide that "'mortgage service companies and others who service outstanding debts

for others, so long as the debts were not in default when taken for servicing,''' are not debt collectors).

The Complaint and the Supplement lack any allegations that plaintiff's mortgage was in default when BOA became plaintiff's mortgage servicer.  Accordingly, for purposes of the FDCPA, BOA is not a "debt collector" with respect to plaintiff's mortgage debt.  BOA is entitled to dismissal, with prejudice, as to plaintiff's FDCPA claim.

### 4.  TILA

Plaintiff alleges that BOA's failure to "disclose that [it] provided the cash value to fund the financial institution's alleged loan check" to him is a violation of TILA.  ECF 1 at 11, McGowens Affidavit.

TILA was enacted to "'assure a meaningful disclosure of credit terms so that the consumer will be able to compare more readily the various credit terms available to him and avoid the uninformed use of credit.'" *Mourning v. Family Publications Serv., Inc.*, 411 U.S. 356, 364–65 (1973) (quoting 15 U.S.C. § 1601(a)).  The statute "requires creditors to provide borrowers with clear and accurate disclosures of terms," *Beach v. Ocwen Federal Bank*, 523 U.S. 410, 412 (1998), and imposes civil liability on creditors who fail to do so.  *Koons Buick Pontiac GMC, Inc. v. Nigh*, 543 U.S. 50, 54 (2004); 15 U.S.C. § 1640(a).

An action for damages under TILA must be brought within one year after the date of the occurrence of the violation.  15 U.S.C. § 1640(e).  To the extent that plaintiff's allegations arise in connection with the mortgage loan for the Bucknell Property, the loan documents were signed on November 15, 2007.  *See* ECF 8-2 at 1, Deed of Trust.  Thus, the time for filing a TILA claim expired on November 15, 2008.

Plaintiff did not initiate this action until April 7, 2014, several years after the statute of

limitations had expired on any TILA claims in connection with the Bucknell Property. Moreover, plaintiff does not contend that equitable tolling is warranted on the ground that plaintiff was denied a reasonable opportunity to discover the fraud. *See King v. State of California*, 784 F.2d 910, 915 (9th Cir. 1986); *Wong v. American Servicing Co., Inc.,* No. 2:09–CV–01506 FCD/DAD, 2009 WL 5113516, *4 (E.D. Cal. Dec. 18, 2009).

On the face of the complaint, plaintiff's TILA claim as to the Bucknell Property is time-barred. Therefore, the claim is subject to dismissal, with prejudice.

### 5. RESPA

Plaintiff appears to allege that BOA violated RESPA by failing to respond to a qualified written request ("QWR") to correct his account. ECF 4 at 2, Supplement. As indicated, to support his claim, plaintiff attached to his Complaint two letters addressed to Bank of America Home Loans. ECF 1-5, First Written Request; ECF 1-6, Second Written Request. The dates of the letters do not appear on them.

As indicated, both letters from Mr. McGowens began as follows: "This is a 'qualified written request . . . .'" ECF 1-5 at 1; ECF 1-6 at 1; ECF 1-8 at 1. Mr. McGowens's concern in both letters appears to be that BOA is not the proper holder of the promissory note. ECF 1-5 at 3, First Written Request; ECF 1-6 at 3, Second Written Request. It is not clear based on the Complaint whether BOA responded to plaintiff's First Written Request or Second Written Request. But, in the Supplement, plaintiff asserts: "Defendant has failed to send me a Qualified Written Request when i [sic] requested it in writing". ECF 4 at 2, Supplement.

In seeking dismissal of the RESPA claim, BOA argues: "Plaintiff cannot state a claim under RESPA because he has identified no facts to demonstrate that a QWR was sent and he does not allege damages as a result of the failure to respond to the QWR. Thus, this claim

should be dismissed with prejudice."  ECF 8-1 at 10, Def. Memo.

Congress enacted RESPA in order "to insure that consumers ... are provided with greater and more timely information on the nature and costs of the settlement process and are protected from unnecessarily high settlement charges caused by certain abusive practices...." 12 U.S.C. § 2601. Among other provisions, RESPA requires a mortgage servicer to respond to a borrower's "qualified written request."  *See* 12 U.S.C. § 2605(e)(1)(A), (B).  A QWR consists of written correspondence from a borrower that identifies the borrower and account at issue, and "includes a statement of the reasons for the belief of the borrower . . . that the account is in error or provides sufficient detail to the servicer regarding other information sought by the borrower."  12 U .S.C. § 2605(e)(1)(B).

Adopting a liberal construction of plaintiff's Complaint and Supplement, and the two undated letters appended by plaintiff, addressed to Bank of America Home Loans, plaintiff alleges that he submitted two qualified written requests to BOA, and BOA failed to respond in writing as required by RESPA.  But, it is unclear when these events occurred and what damage flowed from BOA's alleged failure to respond to plaintiff's requests.

Because § 2605(f) imposes liability for damages sustained "as a result of" the RESPA violation, "[i]n order to state a claim for a RESPA violation in connection with a [QWR], a plaintiff must allege actual damages resulting from a violation of § 2605." *Renfrow v. CTX Mortg. Co.*, 2012 WL 3582752, at *7 (N.D. Tex. Aug. 20, 2012).  *See also*, *Van v. BAC Home Loan Servicing LP*, No. 4:10CV73, 2010 WL 9077597, at *4 (E.D. Va. Sept. 23, 2010) (dismissing a RESPA claim because "[p]laintiff has identified no damage flowing from the alleged delay in response time and/or the servicer's failure to answer any particular question as is required."); *McLean v. GMAC Mortgage Corp.*, 595 F. Supp. 2d 1360, 1366 (S.D. Fla. 2009)

(granting summary judgment for defendant as to plaintiff's RESPA claim, because notwithstanding violation of RESPA, plaintiffs incurred no damage); *In re Tomasevic*, 275 B.R. 103, 117 (Bankr. M.D. Fla. 2001) ("[Plaintiff] has offered no evidence of any damages proximately caused by [defendant's] violations of RESPA. The debtor is therefore not entitled to recover . . . .").

In his Opposition, plaintiff clarifies that in March 2013, he sent BOA a "'qualified written request' as that term is defined under RESPA, 12 U.S.C. 2605(e) (1) (B), regarding the crediting of payments on his mortgage account." ECF 10 at 2, Opposition. Plaintiff asserts: "In the qualified written request, the Plaintiff specified his reasons for belief that the account was not in default and requested that Defendant Bank of America correct the error." *Id.* He adds: "Plaintiff also requested that Defendant Bank of America provide him with information and documentation supporting its claim that the Plaintiff's account was in default." *Id.* Despite his written request, plaintiff alleges that BOA did not provide a timely written response within twenty days of receiving the request, nor did it correct his account within sixty days after receiving the request. *Id.* According to plaintiff, BOA also provided information to consumer reporting agencies about overdue payments that were the subject of his written requests. *Id.* Based on these facts, plaintiff argues that BOA violated section 2605(e)(1)-(3) of RESPA and "has engaged in a pattern or practice of non-compliance" with the requirements of the statute. *Id.*

Neither the Complaint nor the Supplement articulate clearly any injury sustained by plaintiff due to BOA's alleged failure to supply a timely response to his written inquiries. In the Opposition, however, plaintiff adds facts about BOA's alleged negative reports to consumer reporting agencies, a clear allegation of damage that is absent from the Complaint. But, a

plaintiff is prohibited from fixing the deficiencies of the Complaint through subsequent briefs. *Zachair, Ltd. v. Driggs*, 965 F. Supp. 741, 748 n.4 (D. Md. 1997), *aff'd*, 141 F.3d 1162 (4th Cir. 1998); *Mylan Labs., Inc. v. Akzo, N.V.*, 770 F. Supp. 1053, 1068 (D. Md. 1991) ("[I]t is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss.") (internal quotations omitted).

The additional facts offered in the Opposition cannot be considered in analyzing the Motion to Dismiss.  Therefore, this claim is subject to dismissal, without prejudice.

### 6. Failure to Comply with the Court's Order Docketed April 24, 2014

In seeking dismissal, BOA argues that the Complaint does not contain sufficient detail to satisfy the pleading standards of Fed. R. Civ. P 8(a).  ECF 8-1 at 5, Def. Memo.  In a similar vein, defendant contends that the Complaint is subject to dismissal because plaintiff failed to comply with the Court's Order docketed on April 24, 2014 (ECF 3) to supplement the Complaint with more factual information.  ECF 8-1 at 6, Def. Memo.

As indicated, by Order docketed on April 24, 2014 (ECF 3), I directed plaintiff to supplement the facts of his Complaint and provide the following information, ECF 3 at 1:

> 1) the address of the foreclosed property in question; 2) the date of foreclosure; 3) whether the property is or was the subject of proceedings in other state or federal courts; 4) details of the "significant errors and misconduct" in the foreclosure process (Complaint at 2; ECF No. 1) and the dates these alleged error[s] occurred; and 5) whether Plaintiff has raised his concerns with Defendant prior to filing this action.

In response, plaintiff filed a Supplement, ECF 4, but he did not address the deficiencies identified in the Order.  In large measure, the Supplement merely copied what was already set forth in plaintiff's initial Complaint, without identifying the address of the property that is the subject of this litigation or the status of any foreclosure proceedings.  *See* ECF 4.

In order for defendant to prepare an adequate response to plaintiff's claims, plaintiff must notify the defendant of the precise nature of the allegations against it. *See Twombly*, *supra*, 550 U.S. at 555-56 & n.3. As noted, Fed. R. Civ. P. 8(a)(2) requires a "short and plain statement of the claim showing that the pleader is entitled to relief."

Nonetheless, I will grant one more opportunity to plaintiff to amend his Complaint to address the deficiencies identified in the Court's Order of April 24, 2014 (ECF 3), and in this Memorandum.

### III. CONCLUSION

For the foregoing reasons, defendant's Motion (ECF 8) will be granted, in part, and denied, in part. Plaintiff's claims under TILA and FDCPA, as well as his claims for fraud, will be dismissed, with prejudice. Plaintiff's claims for breach of contract and violations of RESPA are dismissed, without prejudice, and with leave to amend the Complaint.

A separate Order follows, consistent with this Memorandum Opinion.


Date: <u>March 12, 2015</u>                                          <u>          /s/          </u>
                                                                    Ellen Lipton Hollander
                                                                    United States District Judge